**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 21-cv-02016-RM-MDB

CHRISTIAN E. SPARKS,

Plaintiff,

v.

UNIVERSITY OF COLORADO, DENVER CAMPUS, OFFICE OF EQUITY, ANSCHUTZ CAMPUS, through its Board, THE BOARD OF REGENTS OF THE UNIVERSITY OF COLORADO,

Defendant.

---

**ORDER**

---

This employment discrimination case is before the Court on Defendant's Motion for Summary Judgment (ECF No. 27), which has been fully briefed (ECF Nos. 36, 39). For the reasons below, the Motion is granted.

## I. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

### B. Treatment of a Pro Se Plaintiff's Pleadings

The Court liberally construes Plaintiff's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Plaintiff applied for a job as a civil rights investigator with the University of Colorado's Office of Equity but was not selected. Instead, Defendant hired Kellie Evans. (ECF No. 40,

¶ 4.) Plaintiff contends that Defendant discriminated against him because he is a man by refusing to hire or even interview him even though he was qualified for the position.

The Office of Equity's mandate is to address complaints of discrimination and harassment based on protected characteristics, complaints of prohibited sexual misconduct, and any related retaliation involving University students, faculty, or staff. (*Id.* at ¶ 1.) The posting for the investigator position listed five preferred qualifications: (1) a relevant master's or professional degree; (2) experience in higher education, college student conduct, or a civil rights/equal opportunity field; (3) at least three years' experience conducting investigations; (4) training in Title IX, Title VII, and/or civil rights investigations; and (5) training in sexual assault investigation. (*Id.* ¶ 6.) The posting also stated that women, ethnic minorities, persons with disabilities, and all veterans were encouraged to apply. (*Id.* at ¶ 11.)

A three-member search committee initially recommended that four applicants be interviewed, including Ms. Evans, two other women, and one man. (*Id.* at ¶¶ 14, 15.) After first-round interviews, the three women were invited to a second-round interview. (*Id.* at ¶ 16.) Ms. Evans then withdrew her application because she was offered a different employment opportunity. (*Id.* at ¶ 17.) Dissatisfied with the reference checks for the remaining two candidates, Defendant decided to return to the applicant pool to look for more candidates. (*Id.* at ¶ 18.)

When Plaintiff submitted his application, the Office of Equity employed seven women and one man. (*Id.* at ¶ 52.) Upon review of Plaintiff's application, the search committee concluded that he met only two of the five preferred qualifications. (*Id.* at ¶¶ 12, 36, 37.) Plaintiff's application did not list any experience working in higher education or college student

conduct. (*Id.* at ¶ 38.) In one response to a prescreening question, Plaintiff stated he had not participated in or conducted a Title IX investigation. (ECF No. 28-3 at 4.) And in his response to another prescreening question, Plaintiff apparently confused Title VII and Title IX. (ECF No. 40, ¶ 43.) In addition, although Plaintiff's cover letter listed "special training from the US Department of State, Medical, on intake and investigations involving sexual harassment, sexual misconduct, child abuse, incest, rape, etc.," the search committee concluded that Plaintiff did not meet the preferred qualification pertaining to sexual assault investigation training. (*Id.* at ¶¶ 41, 42.) Accordingly, the search committee did not recommend that Plaintiff be interviewed. (*Id.* at ¶ 47.) Nine other applicants—seven women and two men—were selected for first-round interviews. (*Id.* at ¶¶ 20, 21.)

Soon afterward, Ms. Evans contacted the Office of Equity to express her renewed interest in the position, and she underwent a second-round interview. (*Id.* at ¶¶ 23, 24.) Ms. Evans and another woman subsequently underwent final, third-round interviews. (*Id.* at ¶ 25.) Defendant determined that Ms. Evans was the most qualified of all the candidates and hired her. (*Id.* at ¶ 26.) Plaintiff does not dispute that her qualifications include having a J.D. degree, being a "Certified Civil Rights Investigator Level Three," and having experience investigating allegations dealing with protected class discrimination complaints by employees. (*Id.* at ¶¶ 28, 29, 32.)

## III. DISCUSSION

Title VII of the Civil Rights Act of 1964 prohibits an employer from refusing to hire individuals because of their sex. *See* 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove discrimination with either direct or circumstantial evidence. *See Adamson v. Multi Cmty.*

*Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). Where, as here, a plaintiff relies on circumstantial evidence, the three-step framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), is used to determine whether the evidence raises an inference of invidious discriminatory intent sufficient to survive summary judgment. *See Adamson*, 514 F.3d at 1145. First, the plaintiff must establish a prima face case of discrimination. *Simmons v. Sykes Enters.*, 647 F.3d 943, 947 (10th Cir. 2011). Second, the burden shifts to the employer to articulate legitimate, nondiscriminatory reasons for its action. *Id.* Third, if the defendant proffers such reasons, the burden shifts back to the plaintiff to show they are pretextual. *Id.* The Court finds Plaintiff can neither establish a prima facie case nor show that Defendant's stated reasons for not hiring him are pretextual.

1. Prima Facie Case

Ordinarily, to establish a prima face case of sex discrimination, a plaintiff must show that he belongs to a protected class, was qualified for the position, suffered an adverse employment action, and was treated less favorably than others. *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006). But in this Circuit, a prima facie case for "reverse discrimination" requires a stronger showing. *Id.* When a plaintiff does not belong to a protected group, he must establish either (1) "background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority" or (2) "facts sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred." *Id.* (quotations omitted). Plaintiff has established neither.[1]

[1] Plaintiff's reliance on the "mixed-motive framework" employed in other Circuits is misplaced. (*See* ECF No. 36 at 4-5.)

To begin with, the fact that Plaintiff considers himself more qualified than the search committee did is not, by itself, a circumstance supporting an inference that Defendant discriminates against men as a class. His subjective belief that he was sufficiently qualified for the position is insufficient to create a genuine issue of material fact for trial, and he offers little else to substantiate his discrimination claim. Although he denies that he only met two of the five preferred qualifications, his explanation as to how his previous experience meets the other preferred qualifications is not only convoluted but inherently subjective. For example, Defendant apparently made an assessment that whatever training Plaintiff had in sexual assault investigations pertained to criminal rather than civil investigations and was therefore inadequate for the needs of the position. Plaintiff's insistence that his training in criminal sexual assault investigations should have been considered adequate to meet this qualification does not make it so. The Court's role is not to act as a "super personnel department" by second guessing employers' business judgments; rather, it must determine whether its stated rationale is genuine. *Young v. Dillon Cos.*, 468 F.3d 1243, 1250 (10th Cir. 2006). To the extent Plaintiff implies that Defendant's assessment of his experience was a pretext for discrimination, he has not adduced any evidence or developed any argument to support drawing such an inference. "In determining whether the proffered reason for a decision was pretextual, [courts] examine the facts as they appear *to the person making the decision* not the plaintiff's subjective evaluation of the situation." *Luster v. Vilsack*, 667 F.3d 1089, 1093 (10th Cir. 2011) (quotation omitted). Plaintiff's mere conjecture that Defendant's explanation is pretext is insufficient to defeat summary judgment. *See id.*

Moreover, even if Plaintiff had been able to demonstrate that he met three of the preferred qualifications, he has not shown that all candidates who met three qualifications went on to be interviewed, much less that he would have been interviewed and hired. He has adduced no evidence refuting Defendant's evidence that meeting three qualifications was a necessary but not a sufficient condition for being selected for an initial interview. (*See* ECF No. 40-1 at 3, p. 73, l. 24.) Nor is there any evidence rebutting that the University was looking for applicants who met the preferred qualification pertaining to experience in higher education and that every applicant selected for an interview met this qualification. (ECF No. 40, ¶ 8.) Thus, even if Plaintiff met the qualification pertaining to sexual assault investigation training, the record is still insufficient to establish that he would have been granted an initial interview.

Plaintiff's assertion that Defendant discriminated against men because more of them were not interviewed also is conclusory and lacks support. Conclusory allegations of discrimination unsupported by pertinent examples are insufficient to establish circumstances giving rise to an inference of bias or discrimination. Plaintiff's assertion that Defendant was "highly motivated to hire females in an ongoing effort to meet subtle hiring quotas" (ECF No. 36 at 19), is supported by no evidence and entirely speculative. Indeed, he has not shown that Defendant ever considered any applicants' sex at any stage of the hiring process or that the men and women in the application pool were similarly situated in terms of qualifications. Although some applicants may have disclosed their genders to the search committee and members of the search committee may learned or deduced the genders of others during the hiring process, it does not follow that gender-based discrimination ensued.

Plaintiff's reliance on the fact that another male applicant whom Plaintiff considers qualified was not interviewed is unavailing because Plaintiff has not provided sufficient evidence about that applicant's application materials to show he was similarly situated to the individuals who were interviewed. And, as discussed above, even if the applicant met three of the preferred qualifications as Plaintiff alleges, that does not guarantee he would have been interviewed. On the record presented, Plaintiff has not shown circumstances that suggest Defendant is one of those unusual employers who discriminates against the majority.

Nor has Plaintiff adduced evidence of background circumstances that would support an inference that he was not hired because he is a man. He has not shown, for instance, that his qualifications are comparable to those of Ms. Evans, much less shown that Defendant could not have reasonably concluded she was the most qualified of all the applicants considered. The rudimentary statistical arguments Plaintiff raises in his Response do not change the analysis. "In order for statistical evidence to create an inference of discrimination, the statistics must show a significant disparity and eliminate nondiscriminatory explanations for the disparity." *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1147 (10th Cir. 2009) (quotation omitted). Plaintiff's cursory presentation of statistical data falls woefully short of this standard and fails to establish disparate treatment between *comparable* individuals. *See id.* Even if he is correct that Defendant has hired more female than male employees in recent years, he makes no attempt to address nondiscriminatory reasons for the gender disparities he has identified, rendering his statistical evidence "nearly meaningless." *Id.* Nor do Plaintiff's underdeveloped arguments about the University's affirmative action policies move the needle in his favor. Plaintiff has not shown that Defendant violated any applicable law or policy in how it advertised the position.

Therefore, the Court finds Plaintiff has not adduced sufficient evidence to support the inference that he would have been hired but for being a man.

2. Pretext

Plaintiff's discrimination claim fails for the additional reason that he has not shown Defendant's stated reason for not hiring him—because he was not qualified—is unworthy of belief. *See Adamson*, 514 F.3d at 1146. Generally, a plaintiff shows pretext by pointing to evidence that the defendant's stated reason for not hiring him was false, that the defendant acted contrary to an applicable policy, or that the plaintiff was treated differently from other applicants who were similarly situated and had similar qualifications. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000). The pertinent question in determining pretext here is not whether Defendant correctly assessed Plaintiff's qualifications, but whether its belief about his lack of qualifications was genuine. *See Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1119 (10th Cir. 2007).

Considering the facts as they appeared to Defendant at the time Plaintiff applied for the position, the Court cannot conclude that its stated reasons for not hiring him were not honestly held. "The relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith on those beliefs." *Luster*, 667 F.3d at 1093 (quotation omitted). Put another way, Plaintiff has not shown that Defendant's explanation for hiring another applicant contains such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions that a reasonable factfinder could find it unworthy of credence. *See EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1198 (10th Cir. 2000). Accordingly, Defendant is entitled to summary judgment on Plaintiff's

discrimination claim for the additional reason that there is no genuine issue as to whether Defendant's explanation for not hiring him was pretextual.

## IV. CONCLUSION

Therefore, the Court GRANTS Defendant's Motion for Summary Judgment (ECF No. 27) and directs the Clerk to ENTER JUDGMENT in Defendant's favor and CLOSE this case.

DATED this 30th day of June, 2023.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge